STATE *v.* SAMUEL WILSON.

A statute allowing the State on the trial of criminal cases the same number of peremptory challenges as the respondent is constitutional.

INDICTMENT for larceny from the person.

Thirty jurors were present from whom twelve were drawn to try this case. One was challenged by the State and one by the defendant, no cause being assigned in either case, and none were excused or set aside for cause. The defendant excepted to the ruling of the court allowing the State to challenge a juror, without showing cause.

The jury found the defendant guilty, and defendant moved to set aside the verdict.

*A. R. Hatch* for respondent.

*W. C. Clarke*, Attorney General, for State.

SMITH, J. By the provisions of the General Statutes, (chap. 243, secs. 8 and 9), the State and the respondent, in addition to challenges for cause, were each entitled to two peremptory challenges, and the only question is whether the statute conferring this right upon the State is in conflict with the constitutional provision securing to the accused a trial by jury.

"Trial by jury" is a trial by twelve competent, impartial men of the body of the county. The respondent does not allege that he has not had such a trial, but he objects to the mode by which a competent and impartial jury were selected for his case. He does not object to the result, but to the manner in which the result was attained.

The duty of the jury is to determine the truth of the issue. "The trial does not begin until the jury are sworn and charged with the case." "The preliminary proceedings by which a jury is empanneled" are no part of the "trial," and any legislation which merely points out the mode of securing this trial, "but does not rob it of any of its essential ingredients, cannot be considered an infringement of the right." It

was not the intention of the framers of the constitution to impose any further restriction on the legislature as to the manner in which a jury should be selected than that the law of the organization must not be " such as to defeat the right " or make it " so clogged as not conveniently to be enjoyed." The mode of selection, and the right of challenge seem to be " mere rules suggested by experience and prescribed by law, to be observed as most likely to secure the greatest amount of intelligence, integrity and impartiality to the trial by jury; and of course have been at all times subject to those modifications and changes which grow out of the constant changes which civil society is undergoing."

A very different question would be presented by a statute allowing the State so many peremptory challenges as to give the State an unfair advantage over the respondent, or to make it very difficult to obtain a jury at all. The obvious purpose and tendency of the present statute is to secure a fair trial to both parties. Whatever tends to this end and no more, " surely takes away no right." An *impartial* jury is all the respondent is entitled to under the constitution. " He cannot claim the right to be tried by a *partial* jury." *Lord Campbell, C. J.,* says that unless this power of peremptory challenge were given under certain restrictions to both sides, " it is quite obvious that justice could not be satisfactorily administered; for it must often happen that a juror is returned on the panel who does not stand indifferent, and who is not fit to serve upon the trial, although no legal evidence could be adduced to prove his unfitness." *Mansell* v. *The Queen*, 8 El. & Bl. 54, p. 71. To the same effect are the very forcible observations of *Gibson, C. J.,* in *Com* v. *Jolliffe*, 7 Watts 585, p. 587 : " The juror may be notoriously bound to the prisoner by the most absolute ties of feeling; he may even be notoriously confederate with him in guilt; and yet there may be no specific proof of it to ground a challenge for favor. Except to add the prisoner himself to the panel, I know no more effectual way to screen guilt from punishment, than to give the prisoner his choice of the panel."

A prisoner does not acquire a vested interest in any individual as one of the jury to try him, merely because that individual is returned upon the panel at that term of court. " There is no necessity nor right that a prisoner shall be tried by particular jurymen till the prisoner has been given in charge to the jury," (8 El. & Bl. p. 79) ; and even then the court may break off the trial on account of misconduct of jurors, or, as we think, on account of newly discovered evidence of their original unfitness.

The Attorney General, in his brief, asserts that statutes giving the State the right of peremptory challenge have been enacted in twenty-eight States (see also U. S. Statute of 1865, ch. 86, sec. 2) ; and we are not aware that they have in any instance been adjudged unconstitutional. On the contrary, such legislation has been held constitutional in New York, ( *Walter* v. *The People*, 32 New York, 147) ; in Pennsylvania, ( *Warren* v. *Com*, 37 Pa. State, 1 Wright 45 ; *Hartsell* v. *Com*, 40 Pa. State, 462) ; and in Georgia (*Jones* v. *The State*, 1

Kelly, 610) ; see also in Kentucky, *Walston* v. *Com*, 16 B. Monroe 15, p. 42 ; while a statute allowing peremptory challenges in civil cases was held constitutional by a majority of the court in South Carolina (*Cregier* v. *Bunton*, 2 Strobhart 487) ; and an act diminishing the number of peremptory challenges allowed the prisoner in capital cases has been held constitutional in Mississippi (*Dowling* v. *State*, 5 Smedes & Marshall 664).

*Judgment on the verdict.*

NOTE. Since this decision was made, the Supreme Court of Massachusetts have affirmed the constitutionality of a similar statute ; *Com* v. *Dorsey*, Vol. 4 Am. Law Review, 397.