FARLEY vs. W. & N. C. E. RY. 581

SYLLABUS.

JOHN P. FARLEY and JOHN P. FARLEY, Administrator of VICTORINE A. FARLEY, deceased, *vs.* WILMINGTON AND NEW CASTLE ELECTRIC RAILWAY COMPANY, a corporation of the State of Delaware.

JOHN P. FARLEY *vs.* WILMINGTON AND NEW CASTLE ELECTRIC RAILWAY COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Death of Wife—Gratuitous Passenger— Negligence—Unavoidable Accident—Damages.*

1. The rules stated governing the use of the public highway by electric companies, and other persons who see fit to use the same in vehicles drawn by horses, or otherwise.

2. To what extent the negligence of the driver of a vehicle may be imputed to the gratuitous passenger therein, is a question of first impression in this State. It seems, however, to be now settled both in this country and in England, that where a person accepts the gratuitous invitation of the owner and driver of a vehicle to ride with him, and has no other relation to the driver, the negligence of the driver, if any, cannot be imputed to his guest, so as to defeat the latter's right of recovery against a third person for injuries resulting from the concurrent negligence of such driver and third person.

3. Even in such case, however, the passenger is bound to exercise due care and caution as well as the driver. It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger, and to avoid it if practicable.

4. If the injury results from the concurrent negligence of the driver and company, without any negligence on the part of the gratuitous passenger, such passenger would be entitled to recover. In like manner such passenger would be entitled to recover if the injury resulted from the negligence of the company alone.

5. The measure of damages stated.

(*June 24, 1902.*)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*Walter H. Hayes* for plaintiff.

*Saulsbury, Ponder and Curtis* for defendants.

Superior Court, New Castle County, May term, 1902.

ACTIONS ON THE CASE (Nos. 28 and 29, respectively, November Term, 1900).

The facts appear in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—The plaintiff in the above stated two cases claims that on the second day of July, 1900, while Victorine A. Farley, the wife of the said John P. Farley, the plaintiff, was crossing the railway of the defendant in the public highway at Pyle's Crossing in New Castle Hundred in this county, she was injured through the negligence of the defendant company.

That at that time, while with due care on her part, she was riding with one Horace P. Adams, as a gratuitous passenger, with him in his carriage, drawn by his horse, under his management and control, when a trolley car of the defendant company, running at a high and dangerous rate of speed, negligently, and without ringing the gong or bell or giving any warning, ran into the carriage in which she was riding, threw her out upon the ground with great violence; whereby she was bruised and injured, and suffered therefrom up to the time of her death.

The defendant company claims that the accident was not caused by its negligence, but by that of the said Victorine A. Farley and of the said Adams, in crossing the said railway without stopping, listening or looking.

The first of the two suits was brought by the husband and wife in her lifetime, to recover damages for her pain and suffering caused by the accident.

The second was brought by the husband alone, to recover for the loss of the society of his wife and her services and assistance in the management of his domestic affairs.

FARLEY vs. W. & N. C. E. RY.          583

CHARGE.

At the instance of the parties hereto, these two cases are tried together.

They are both based upon the negligence of the defendant company. If there was no such negligence, the plaintiff cannot recover in either case.

Such negligence is never presumed, but must be proved, and the burden of such proof rests upon the plaintiff.

The rules of law governing the use of the public highway in such cases have been well stated in Adams *vs.* the defendant company, in a case growing out of the same accident, and heretofore tried at this term of court, and are as follows :

" The defendant had a right to use the public highway, at the place and time of the accident, in common with other travelers and persons who saw fit to use it in vehicles drawn by horses, or otherwise. The public, as well as the defendant company, were entitled to use said highway. The electric cars of necessity could use only those parts of it covered by their tracks, inasmuch as such cars move only upon their tracks within fixed limits. Within those lines the right of the company is superior to that of other users, and must not be unnecessarily interfered with or obstructed.

" *Brown vs. W. C. Ry. Co., 1 Pennewill, 332 ; Price vs. Charles Warner Co., 1 Pennewill, 462.*

" In using the highway all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case. It is the duty of the company to provide competent and careful motermen and servants; to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed; that they slow up, or stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to prevent accident; and that proper warning be given of the approach of the car at a crossing on the public highway.

" There is a like duty of exercising reasonable care on the

part of the traveler. The company and traveler are both required to use such reasonable care as the circumstances of the case demand —an increase of care on the part of both being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other.

"As was said by the Court in the case of *Brown vs. Wilmington City Railway Company*, ' We are not prepared to lay down any absolute rule, as to what precise acts of precaution are necessary to be done or left undone, by persons who may have need to cross electric railways. Such acts necessarily must depend upon the circumstances of each particular case. The degree of care differs in different cases. Greater care is necessary in crossing a road where the cars run at a high rate of speed and close together, than where they run at less speed and remote from one another. In like manner where the view at the crossing is obstructed, or in a neighborhood where there is much noise and confusion, greater care is necessary than in places where the view is unobstructed and with quiet surroundings. In like manner a railway company is held to a greater caution in the more thronged streets of the densely populated portions of the city than in the less obstructed streets in the open or suburban parts. From these illustrations, manifestly the care to be used depends largely upon the circumstances of each case. It would, therefore, be difficult, if not dangerous, to lay down any inflexible rules.'

"The general rule upon this subject is, that persons so crossing a railway track are bound to the reasonable use of all their senses for the prevention of accident; and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances. This rule is plain and well settled, and is to govern you in the determination of this case."

A person approaching a railway crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If, as he approaches the crossing, his line of

FARLEY vs. W. & N. C. E. RY.          585

CHARGE,

vision is unobstructed, he is bound to look for approaching cars in time to avoid collision with them; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence, and could not recover therefor.

*Price vs. Charles Warner Company, 1 Pennewill 462.*

When the view at the crossing is obstructed, greater care is necessary than where the view is unobstructed.

*Brown vs. Wilmington City Railway Company, 1 Pennewill, 332.*

As before stated, a person in crossing a railway track must use all his senses, and exercise such care as is proper and reasonable under all circumstances, to avoid accident.

A pure accident without negligence on the part of the defendant is not actionable, and if you should believe that the collision in this case was of a such a character, this case would come under the head of unavoidable accident, and the plaintiff could not recover.

*Ogle vs. P., W. & B. R. R. Co., 3 Houst., 267; Ford vs. Whiteman, 2 Pennewill, 355.*

To what extent the negligence of the driver of a vehicle may be imputed to the gratuitous passenger therein, is a question of first impression in this State.   It has, however, received much consideration elsewhere, and it seems now to be settled both in England and in this country—

That where a person accepts the gratuitous invitation of the owner and driver of a vehicle to ride with him, and has no other relation to the driver, and exercises no control over the driver, the negligence of the driver, if any, cannot be imputed to his guest, so as to defeat the latter's right of recovery against a third person for injuries resulting from the concurrent negligence of such driver and third person.

*The Bernia Law Repts. 12 Prob. Div., 58; Ibid 13 App. Cases, 1; Follman vs. City of Mankato, 35 Minn., 522; Dyer vs. Erie Ry. Co., 71 N. Y., 228; Cuddy vs. Horn, 46 Mich., 596;*

*Bunting vs. Hogset, 139 Pa. St., 363 ; Cohill vs. Ry. Co., 97 Ky., 345 ; Union Pac. Ry. Co. vs. Alaska, 51 Fed., 174 ; Little vs. Hackett, 116 U. S., 366.*

Even in such case, however, the passenger is bound to exercise due care and caution as well as the driver. "It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger, and to avoid it if practicable."

*Brickell vs. N. Y. Central, etc., Co., 120 N. Y., 290.*

If the negligence of Victorine A. Farley contributed in any way approximately to the accident which caused the injury complained of, no recovery can be had in either of these actions.

If the injury resulted from the concurrent negligence of the said Horace P. Adams, the driver, and the defendant company, without any negligence on her part, your verdict should be for the plaintiff.

In like manner, if the injury resulted from the negligence of of the defendant alone, the plaintiff should recover.

If you should find for the plaintiff, your verdict in the first named case should be for such sum as will reasonably compensate for the injuries of the wife and for her pain and suffering while she lived ; and in the second case, it should be for such sum as will reasonably compensate the plaintiff for the loss of the services of his wife.

At the request of the parties to these suits, we instruct you that if you find for the plaintiff, you shall state in your verdict separately what, if any amount, you assess to the husband and wife for the pain and suffering of the wife in one case; and in the other case, to the husband for the loss of his wife's services, under the evidence.

Verdict (in No. 28) for the plaintiff for $50. Verdict (in No. 29) for the defendant.