## MARY E. CAMPBELL vs. ALFRED N. WALKER.

1.  HIGHWAYS—USE OF HIGHWAY—INJURIES TO TRAVELERS—CARE REQUIRED.

In using a public highway, which is open to the common use of the people, whether using an automobile or other vehicle, all persons are bound to the exercise of reasonable care to prevent accidents, proportioned to the degree of danger in each case.

2.  HIGHWAYS—USE OF HIGHWAY—RIGHT TO USE—AUTOMOBILES.

A traveler has an equal right to employ an automobile as a means of transportation and to occupy the public highways with other vehicles in common use.

3.  HIGHWAYS—INJURIES ON HIGHWAY—CARE REQUIRED.

The operator of an automobile on a public highway may act on the assumption that every other person traveling thereon will exercise ordinary care

according to the circumstances, and will not negligently expose himself to danger, and will make an attempt to avoid it.

4.  NEGLIGENCE—"ORDINARY CARE"—DEFINITION.

"Negligence" is the want of "ordinary care;" that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances.

5.  NEGLIGENCE—ELEMENTS—VIOLATION OF ORDINANCE OR STATUTE.

A violation of a city ordinance or a statute amounts to negligence in law, whether any positive or active negligence be proved or not.

6.  HIGHWAYS—USE OF HIGHWAY—OVERTAKING AND PASSING—VIOLATION OF STATUTE.

The driver of an automobile, approaching a wagon from the rear on the right-hand side of the road, in violation of 25 *Del. Laws*, c. 120, §13, requiring the driver of any vehicle overtaking any other vehicle to pass to the left thereof, is guilty of negligence.

7.  HIGHWAYS—USE OF HIGHWAY—MOTOR VEHICLES—WARNING.

The driver of an automobile, approaching a wagon on a public highway without giving warning of his approach as required by 25 *Del. Laws*, c. 120, §11, is guilty of negligence.

8.  HIGHWAYS—USE OF HIGHWAY—INJURIES TO TRAVELERS—PROXIMATE CAUSE.

The driver of an automobile on a public highway is not liable for injuries resulting from a collision, unless his negligence caused the accident complained of.

9.  HIGHWAYS—USE OF HIGHWAY—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE.

The driver of an automobile is not liable for injuries resulting from a collision with a wagon, if the negligence of the plaintiff caused the injury or contributed thereto.

10.  HIGHWAYS—USE OF HIGHWAY—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE.

The driver of a wagon, who fails to go to the right side of the road. when he knew or by reasonable caution should have known that an automobile was approaching from the rear and desired to pass, was guilty of negligence, barring a recovery by him for resulting injuries.

11.  NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE AND PASSENGER.

Where a passenger in a vehicle has no control over the driver, the negligence of the driver cannot be imputed to the passenger, so as to defeat the latter's right of recovery against a third person for injuries resulting from the concurrent negligence of the driver and third person.

12.  HIGHWAYS—USE OF HIGHWAY—INJURIES TO TRAVELER—PASSENGER—CONTRIBUTORY NEGLIGENCE.

A passenger in a vehicle is bound to exercise due care as well as the driver, and it is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and to avoid it, if practicable.

13.  HIGHWAYS—USE OF HIGHWAY—ACTION FOR INJURIES—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action for injuries caused by the collision of defendant's automobile with the vehicle in which plaintiff was riding, it was a question for the jury whether the plaintiff could by due care have prevented the accident, and whether she did exercise the care to prevent the same which a reasonably careful person would have exercised under like circumstances.

14.  HIGHWAYS—USE OF HIGHWAY—INJURY TO TRAVELER—UNAVOIDABLE ACCIDENT.

Where an injury to plaintiff, resulting from a collision of defendant's automobile with the vehicle in which she was riding, occurred without the negligence of defendant, the injury was an unavoidable accident, for which plaintiff cannot recover.

15.  TRIAL—QUESTIONS OF FACT—PROVINCE OF JURY.

When the testimony is conflicting, the jury should endeavor to reconcile it, so that the whole may be harmonious.

16.  EVIDENCE—WEIGHT—CREDIBILITY—PROVINCE OF JURY.

Where the testimony cannot be reconciled, it is the duty of the jury to estimate the value of the testimony on the respective sides, and give their verdict to that side on which the testimony is of the greatest preponderance and most worthy of credit.

17.  EVIDENCE—WEIGHT AND SUFFICIENCY—GENERAL RULE.

In estimating the weight of conflicting testimony, the jury are to consider the witnesses' means of knowledge of the facts of which they speak, their intelligence, apparent truthfulness, fairness, and any other facts or circumstances that show the reliability of their statements

18  EVIDENCE—WEIGHT AND SUFFICIENCY—POSITIVE AND NEGATIVE TESTIMONY.

In an action for injuries caused by collision with defendant's automobile the testimony of witnesses who say without qualification that the automobile horn was sounded, and that they heard it, at or near the point of the accident, is of much more weight than that of witnesses who merely say that they did not hear it.

19.  DAMAGES—INJURIES TO PERSON—MEASURE.

In an action for injuries caused by a collision in a highway, the verdict, if for plaintiff, should be for such sum as will compensate her for her pain and suffering in the past and such as may come to her in the future, resulting from the accident.

(*December* 2, 1910.)

Judges BOYCE and HASTINGS sitting.

*Levin Irving Handy* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1910.

ACTION ON THE CASE (No. 65, January Term 1910), to recover damages for personal injuries alleged to have been sustained

by the plaintiff through the negligent operation of an automobile by the defendant, on the twentieth day of August, A. D. 1909, on a public highway leading from Newark to Marshallton in New Castle County. The allegation being that the plaintiff was thrown from the wagon in which she was riding by the said automobile colliding with the same.

(See same case on demurrer, 1 *Boyce*, 580.)

The case is stated in the charge to the jury.

Hastings, J., charging the jury:

Gentlemen of the jury:—This action was brought by the plaintiff, Mary E. Campbell, against the defendant, Alfred N. Walker, to recover damages for personal injuries which she alleges she sustained by reason of being thrown from a wagon in which she was riding when the same was struck by an automobile belonging to and operated by the defendant on the twentieth day of August, A. D. 1909, on a public highway leading from the town of Newark to the town of Marshallton, this county.

The plaintiff alleges in her declaration that she was riding in a vehicle drawn by a horse along the public highway on the date above mentioned, when the automobile of the defendant came up in the rear of said vehicle and overtook the same and collided with and struck the vehicle in the rear, and thereby caused her to be thrown out; that the negligence of the defendant consisted in—

*First.* His attempt to pass the said vehicle on the right side of the road and the right side of the vehicle.

*Second.* His failure to give warning of his approach.

*Third.* His operating the automobile when he was partially blind.

*Fourth.* His running of the automobile at a great, dangerous and unlawful rate of speed.

The plaintiff contends that the wagon in which she was riding at and before the time of the accident was on the right side of the road, with plenty of room on the left side for an automobile to pass; that she heard no horn blown, and her first knowledge that an automobile was approaching was when the horse that was hitched to the wagon showed some evidence of fright; that she looked around

and found the automobile at the rear end of the wagon and attempting to pass on the right side; that the horse was pulled quickly to the left, but the automobile struck the right rear wheel of the wagon causing her to be thrown out and injured.

The defendant, on the other hand, contends that he saw the vehicle ahead of him on the left side of the road when a quarter of a mile away, and that when he had approached to within 100 yards of it, and while it was still on the left side of the road, he blew his horn and continued to blow it until only a few yards away; that when about eight feet from the rear of the wagon, and to the right thereof, he attempted to pass, but the driver of the wagon pulled the horse suddenly to the right and in front of the automobile, and at that time it was too late for him to stop the automobile and prevent the accident. The defendant further contends that at the time he attempted to pass he was in full control of his machine.

This, briefly stated, is substantially the contention of the parties to this action.

This accident happened on the public highway, which was open in all its length and breadth to the reasonable, common and equal use of the people, including the automobile as well as the vehicle in question. In using such highway all persons are bound to the exercise of reasonable care to prevent accidents. Such care must be in proportion to the danger in each case. For instance, greater caution is required at street crossings and in the more thronged streets of a city than in the less obstructed streets or in the country. The persons operating an automobile, and the driver of a horse hitched to a wagon, whether along a country road or in the thronged streets of the city, are both required to use such reasonable care, circumspection, prudence and discretion as the circumstances require; an increase of care being required where there is an increase of danger. Both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances.

A traveler has an equal right to employ an automobile as a means of transportation and to occupy the public highways with

other vehicles in common use, and the operator of such automobile
has the right to assume and to act upon the assumption that every
other person traveling on the highway will exercise ordinary care
and caution according to the circumstances and will not negli-
gently and recklessly expose himself to danger and will make an
attempt to avoid it.

This action is based on negligence, which has been defined to
be the want of ordinary care; that is, the want of such care as a
reasonably prudent and careful person would exercise under
similar circumstances.

In this connection it is our duty to call to your attention a
certain statute of this state entitled "An act defining motor vehicles
and providing for the registration of the same, and uniform rules
regulating the use and speed thereof," being *Chapter* 120, *Volume*
25, *Laws of Delaware*. *Section* 11 of this act provides as follows:

"Upon approaching any person walking upon the public
highways, or a horse, horses, or other draft animals being led, ridden
or driven, the operator of the motor vehicle shall give reasonable
warning of his approach and use every precaution to avoid injuring
such persons or frightening such animals, bringing his motor
vehicle to a stop, should such animals appear to be unmanage-
able, stopping his engine, if the occasion require it, until such
animals (have) had sufficient time to pass."

It is also provided by *section* 13, that—

"Whenever a person operating a motor vehicle, or any person
riding, driving or leading a horse, horses or other draft animals,
shall meet any other vehicle or other draft animals, the operators,
drivers or person having such animals in charge, shall reasonably
turn to the right of the center of the said highway, so that such
vehicle or animals may pass without interference, and the driver
of any vehicle overtaking any other vehicle or draft animals being
led, ridden or driven upon any public highway, shall pass to the
left thereof, the driver of such vehicle or person having charge of
such animals so overtaken shall turn to the right of the center of
the road to allow free passage to the left."

You will observe that there are two duties defined in this
section 13 which apply to an accident such as the one we are now

·considering. One is the duty placed upon the driver of any vehicle (an automobile in this instance), overtaking any other vehicle or draft animals being led, ridden or driven to pass to the left thereof; and the other duty imposed is upon the vehicle or persons having charge of such animals so overtaken (a horse and wagon in this instance) to turn to the right of the center of the road to allow free passage to the left.

In some jurisdictions it has been held that the violation of a statute, while evidence of negligence, is not conclusive; in the Iowa case, cited by the defendant, the court used the following language:

"The general rule seems to be that, where a collision occurs between the horse or vehicle of a person on the wrong side of the road and that of a person coming towards him, the presumption is that it was caused by the negligence of the person who was on the wrong side of the road, but that his presence on that side may be explained and justified."

But it has been uniformly held in this state that a violation of a city ordinance or statute amounts to negligence in law, whether any positive or active negligence be proved or not. It is what is commonly known in law as negligence *per. se*.

It is admitted by the defendant that he approached the wagon in which the plaintiff was riding from the rear and that in undertaking to pass the wagon he turned to the right thereof. In so doing we say to you that he was guilty of negligence. And if you should find from the evidence that the defendant did not give reasonable warning of his approach, as is provided by *section* 11, such failure on his part was negligence.

The defendant is not liable for such negligent act or acts however, unless you are satisfied from the evidence that the violation of the statute—that is, the failure to give reasonable warning of his approach, in one instance, and the turning to the right instead of the left, in the other—caused the accident complained of; nor would he be liable in any event if the injury was caused by the negligence of the plaintiff, herself, or if her own negligence contributed thereto.

In determining whether the plaintiff was guilty of such con-

Charge.

tributory negligence you should consider this provision of the statute with respect to the duty of the driver of this wagon.   If you find from the evidence, as the defendant contends, that the wagon was on the left side of the road and failed to go to the right side after the driver knew, or by the exercise of reasonable caution should have known, that he, the defendant, was approaching in an automobile from the rear and desired to pass, such conduct on the part of the driver would be negligence; and if he were the plaintiff in this suit and such failure on his part to observe the statute contributed to and entered into the accident he could not recover because he would be guilty of contributory negligence.

Where, however, the plaintiff is merely a passenger in a vehicle and has no control over the driver, the negligence of the driver, if any, cannot be imputed to the passenger so as to defeat the latter's right of recovery against a third person for injuries resulting from the concurrent negligence of such driver and third person.

"Even in such case, however, the passenger is bound to exercise due care and caution as well as the driver.   It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger, and to avoid it if  practicable." *Farley v. W. & N. C. E. Ry.*, 3 *Penn.* 581, 52 *Atl.* 543.

It is for you to say whether the plaintiff, from the evidence produced here, could by the exercise of due care have prevented the accident, and whether she did exercise the care and caution to prevent the same which a reasonably careful person would have exercised under like circumstances.

It has been held by this court that a pure accident without negligence on the part of the defendant is not actionable, and if you should believe from the testimony that the collision in this case was of such a character it would come under the head of unavoidable accident, and the plaintiff cannot recover.

When the testimony is conflicting, the jury should  endeavor to reconcile it so that the whole may be harmonious.   If this cannot be done, then it becomes the duty of the jury to estimate and weigh in their minds the value of the testimony on the respective sides, and give their verdict to that side upon which the testimony is of the greatest weight or preponderance and most worthy of

Charge—Verdict.

credit.  In estimating such weight the jury are to consider the witnesses' means of knowledge of the facts about which they speak, their intelligence  apparent truthfulness and fairness, and any other facts or circumstances shown by the evidence with respect to the witnesses that show the reliability of their statements.

The testimony of witnesses who say without qualification that the automobile horn was sounded and that they heard it at or near the point of the accident, is of much more weight than that of witnesses who merely say that they did not hear it.  *Queen Anne's R. R. Co. v. Reed, 5 Penn.* 226, 59 *Atl.* 860, 119 *Am. St. Rep.* 301.

If you find for the defendant your verdict should be simply for the defendant.  If on the other hand you find for the plaintiff your verdict should be for such a sum as will reasonably compensate her for her pain and suffering in the past and such as may come to her in the future, resulting from the accident.

Verdict  for  plaintiff.