Jonathan STEVENSON, Plaintiff Below, Appellant,

v.

George H. HENNING and Robert F. Lewis, Defendants Below, Appellees.

Supreme Court of Delaware.

July 7, 1970.

John M. Bader, Wilmington, for plaintiff below, appellant.

Rodney M. Layton and Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, for Robert F. Lewis, defendant below, appellee.

William T. Lynam, III, of Bayard, Brill & Handelman, Wilmington, for George H. Henning, defendant below, appellee.

WOLCOTT, C. J., HERRMANN, J., and DUFFY, Chancellor, sitting.

HERRMANN, Justice.

This appeal is taken by the unsuccessful plaintiff in a medical malpractice case.

The errors complained of are threefold:

## I.

The plaintiff contends that prejudicial error occurred when the defendants' attorney was permitted to refer to the contents of a medical text book in the direct examination of an expert medical witness testifying on behalf of the defendants. The reference was to the fact that "two schools of thought" existed on the propriety of administering the drug known as regitine pre-operatively to a pheochromocytoma (tumor on the adrenal gland) patient. Objection to the line of questioning was made by the plaintiff's attorney on the ground that the witness could not state that he recognized the text writers as authoritative, although he did recognize that the studies discussed in the text were done at an authoritative hospital. That objection was overruled. The ground of inadmissibility now asserted before us, viz., that text books may be used only in cross-examination, was not presented to the Trial Judge.

■ We hold that the evidentiary ruling of the Trial Judge on the ground presented did not constitute reversible error. Moreover, the ground of objection now urged before us for the first time may not be considered because not made at trial. 1 Wigmore on Evidence (3d Ed.) pp. 339–340; Food Fair Stores, New Castle, Inc. v. Howard, Del.Supr., 212 A.2d 405 (1965). The ruling of the Trial Judge may not be classified as "basic and fundamental error", Wiggins v. State, Del.Supr., 210 A.2d 314 (1965); or as "inconsistent with substantial justice", Superior Court Civil Rule 61. Accordingly, we will not disturb the verdict and judgment on a ground not presented to the Trial Judge.

## II.

■ The plaintiff contends that the Trial Judge abused his discretion in taxing upon him as costs the expense of the special jury demanded by the defendants in this case—an amount exceeding $1,000. We agree.

The question is governed by 10 Del.C. § 4543,[1] as construed in Nance v. Rees, Del.Supr., 2 Storey 533, 161 A.2d 795 (1960). We there stated:

"Since the matter of taxing the costs lies in the discretion of the trial court, it is obvious that there must be some reason to impel the court to exercise its discretion in that respect. We can think of no reason for so doing except that the particular cause is of such complexity as to make desirable the striking of a special jury which, presumably, would be better able to deal with complex issues of fact. As a practical matter, we would suppose that only in suits involving breach of contract with elaborate proof of complex factual situations would the court's discretion be moved to award the costs to the winning party."

We are of the opinion that this case does not meet the test of *Nance* for imposition of the expense of the special jury as costs upon the plaintiff. In a sense, every case involving medical testimony is a "complex" one to the laymen on the jury. It may not be permitted to follow that the expense of a special jury may be taxed as costs in every case involving medical testimony.

It does not appear to us that the trial of this case was of sufficient complexity to justify the action of the Trial Judge in assessing the costs of the jury against the plaintiff. We do not have the benefit of a statement by the Trial Judge as to any special reason he may have had for so doing. We must hold that he abused his discretion in this regard.

The Order assessing the expense of the jury as costs, to be paid by the plaintiff, will be reversed.

III.

The plaintiff complains that the Trial Court taxed as costs against him witness fees, in the amount of $500. each, for two medical experts who testified on behalf of the defendants. One witness travelled to the Superior Court in Wilmington from the Philadelphia area; the other practices in the Wilmington area. The first submitted a statement for 21 hours at $30. per hour, a total of $630.; the other a bill for 30 hours at $25. per hour, a total of $750.

Expert witness fees may be taxed as costs to the unsuccessful party by virtue of 10 Del.C. § 8906.[2] In State v. 0.0673 Acres of Land, etc., Del.Supr., 224 A.2d 598, 602 (1966), we had occasion to examine into the scope of § 8906, and there stated:

"Witness fees allowed under § 8906 should be limited to time necessarily spent in attendance upon the court for the purpose of testifying. This does not include time spent in listening to other witnesses for 'orientation', or in consulting and advising with a party or counsel or other witnesses during the trial. * * *."

The present situation is controlled by that rule. It is clear that the Trial Court's allowances of witness fees in the instant case included time spent in the court room listening to plaintiff's witnesses and consulting with counsel. To that extent, the allow-

1. 10 Del.C. § 4543 provides:
"§ 4543. *Expenses*
"The party applying for a special jury shall pay the expenses occasioned by the trial of the cause by such special jury, and the same shall not be allowed to him as part of the costs in the case, unless the Court shall, immediately after the trial of the cause, certify upon the record that the cause was proper to be tried by a special jury. The Court, in its discretion, may order payment of the costs of striking and summoning a special jury, or any part

thereof, before the trial of the cause wherein such jury is summoned."
2. 10 Del.C. § 8906 provides:
"§ 8906. *Expert witnesses*
"The fees for witnesses testifying as experts or in the capacity of professional men in cases in the Superior Court, and the Court of Chancery, within this State, shall be fixed by the court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid."

ances were contrary to the rule set out in *0.0673 Acres.* Each witness here was on the witness stand approximately one hour on a single day. To that time, only travel time and waiting time may be added as "time necessarily spent in attendance upon the court." We assume that these witnesses were not kept waiting by the Trial Court unduly.

We hold, therefore, that the taxing of $500. for each witness as costs to the plaintiff may not stand. The defendants must take the expense of orienting and consulting with their expert witnesses; and if the defendants' expert witnesses must relate to the testimony of the plaintiff's expert witnesses, fairness requires that this be done at the defendants' expense.

The cause will be remanded for reassessment of witness fees in accordance herewith.