## In re ASBESTOS LITIGATION.

Superior Court of Delaware,
New Castle County.

Submitted: May 19, 1988.
Decided: June 28, 1988.

Beverly L. Bove of Tomar, Seliger, Simonoff, Adourian & O'Brien, Wilmington, Thomas C. Crumplar and Mary Ann Matuszewski of Jacobs & Crumplar, P.A., Wilmington, for certain plaintiffs.

Robert B. Anderson of McCarter & English, Wilmington, for defendants A.C. & S. Co., Inc., Celotex Corp., Eagle–Picher Industries, Inc., Keene Corp., Pittsburgh–Corning Corp., Owens–Illinois, Inc., and Owens–Corning Fibreglas Corp.

TAYLOR, Judge.

Certain defendants have moved for impaneling of a special jury for trial of the designated asbestos cases. Their contention is that, notwithstanding the discretionary language of 10 *Del.C.* § 4506 (as amended in 1987), they have an absolute constitutional right to trial by a special jury.

### A.

Defendants' constitutional argument rests on the first sentence of Section 4, Article I of the Delaware Constitution, which reads: "Trial by jury shall be as heretofore."

At the outset, it is noted that this terse provision of the Bill of Rights does not mention special jury and does not indicate the existence of alternate forms of jury trial.

On two occasions the Delaware Supreme Court has discussed the relationship of that sentence to the use of special juries. *Haas v. United Technologies, Inc.,* Del.Supr., 450 A.2d 1173 (1982); *Nance v. Rees,* Del. Supr., 161 A.2d 795 (1960). At the time of those decisions, 10 *Del.C.* § 4541 required the impaneling of a special jury if a party requested it. Each case found that the impaneling of a special jury did not violate rights to jury trial and due process.

The issue in *Nance* was whether 10 *Del. C.* §§ 4541–4543 was in violation of the constitutional provision found in Section 4, Article I of the Delaware Constitution, which provided: "Trial by jury shall be as heretofore." Relying on Article 25 of the Delaware Constitution of 1776, which provided:

The common law of England, as well as so much of the statute law as have been heretofore adopted in practice in this state, shall remain in force, unless they

shall be altered by a future law of the Legislature; ...

the Supreme Court found that, in view of the English statutory history which antedated 1776 and the enactment of a Delaware statute in 1810 mandating special juries, the requirement for special jury did not violate the Constitution or violate due process. *Nance* held "that the general practice of trial by special jury precedes our first constitution and must, therefore, be held to be consistent with it" and held 10 *Del.C.* § 4541(b–d) and § 4542 constitutional. *Nance*, 161 A.2d at 800.

*Haas* revisited the issues of *Nance* addressing federal, as well as Delaware, constitutional standards. *Haas* found that the impaneling of a special jury did not violate those standards.

The conclusion reached in *Nance* and *Haas* does not resolve the contention that a litigant has a constitutional right to have a special jury which the legislature may not abrogate.

### B.

In 1987 the General Assembly repealed the entire Chapter 45 of Title 10 and substituted a new Chapter governing jury trials. 66 *Del.Laws* Ch. 5. Section 4506 of the new statute, which is the only section providing for a special jury, states:

> The court may order a special jury upon the application of any party in a complex civil case. The party applying for a special jury shall pay the expense incurred by having a special jury, which may be allowed as part of the costs of the case.

This statute for the first time limits the availability of the special jury procedure to a "complex civil case", thereby giving the Court a discretion to grant or deny a request for special jury. The 1987 statute brings into focus the question whether the Delaware Constitution requires the impaneling of a special jury on a party's request, without a showing that the case is sufficiently complex to warrant the use of a special jury. The Court's conclusion is that qualifications of jurors and the exercise of peremptory challenges, which are the dis-

tinguishing characteristics of the special jury procedure, are not constitutionally protected.

### C.

According to Blackstone, special or "struck" juries were utilized in England in cases where "the causes were of too great nicety for discussion of ordinary freeholders, or where the sheriff was suspected of partiality". 2 *Sharswood's Blackstone's Commentaries on the Law of England* 357. If a proper showing was made, upon motion and hearing, the Court would direct the prothonotary or other designated officer to "indifferently" summon forty-eight of the "principal freeholders". *Id.* The practice of allowing special juries fulfilled three needs. It provided (1) an alternate means of obtaining an impartial jury in instances where the Sheriff, who was charged with assembling the common jury, lacked impartiality; (2) an opportunity for peremptory challenges at a time when peremptory challenge of common jurors was not permitted; and (3) selective gathering of jurors who had defined qualifications. *Id.*

The partiality or impartiality of the Sheriff is no longer of significance in the jury selection process because the Sheriff has had no part in selecting the jury panel since 1852. 10 *Del.C.* §§ 4505, 4507–10 (1987); *Revised Code of Delaware*, 1915, Ch. 131, Sec. 3, Par. 4254; *Revised Code of Delaware*, 1852, Ch. 109, Sec. 2, Par. 2364. This is no longer a consideration favoring special jury.

Although members of the ordinary jury panel could be challenged for cause, peremptory challenge of ordinary jurors was not permitted prior to 1810. 4 *Del.Laws* Ch. 70, Sec. 4. *See* 47 *Am.Jur.2d*, Jury § 235 at 826 (1969). The special jury procedure permitted each party to strike twelve jurors out of 48 jurors without stating a ground. The need for the special jury procedure as a means of obtaining peremptory challenges has been eliminated by statute and subsequently by court rules which allow peremptory challenge of ordinary jurors. 50 *C.J.S.*, Juries § 280 at 1069 (1983);

*Revised Code of Delaware*, 1852, Ch. 109, Sec. 19, Par. 2387; Superior Court Civil Rule 47; *Revised Code of Delaware*, 1935, Ch. 131, Sec. 28, Par. 4748. The desire for peremptory challenges no longer calls for special jury.

### D.

The remaining function of special juries centers upon the qualifications of the jurors who would hear the case. The use of special jurors who had particular knowledge or experience in the subject of the trial had been customary in England from early times. 5 *Harvard Law Review* 249, 300 (1892); 80 *Columbia Law Review* 43, 80 (1980). Frequently, they were selected as specialists in the subject involved in the lawsuit. *Id.*

The qualifications for jurors have undergone substantial changes by statute over the years. A 1730 English statute specified that jurors must be persons having land "of the yearly value of twenty pounds". 3 *Geo. II,* c. 25, § 18. By subsequent statute, the ordinary jurors were to be selected from "the most discreet and judicious freeholders". 1 *Delaware Laws*, Ch. 94a, Sec. 1; 15 *Geo. II,* Ch. 94a. An Act passed in 1793 called for jurors to be "sober and judicious persons, of fair characters, and none other." 2 *Del.Laws* Ch. 8c, Sec. 2. An Act passed in 1811 defined the qualifications of petit jurors as "sober, discreet and judicious freeholders, lawful men of fair characters". *Delaware Code of 1829*, Ch. 6, Sec. 7. Under the *Revised Code of Delaware*, 1852, Ch. 109, Sec. 1, Par. 2363 "all persons qualified to vote at the general election" were eligible to serve as jurors. The same qualification prevails at this time. 10 *Del.C.* § 4504.

The requirements differentiating special jurors from common jurors have been less precise. Blackstone refers to the "indifferent" drawing of "principal freeholders" to serve as special jurors. 2 *Sharswood's Blackstone's Commentaries* 357. 3 *Geo. II,* c. 25, which purported to formalize the jury procedure, appears to draw the special jurors from the common jury list without reference to differentiating qualifications.

The first Delaware statute providing for special juries provides for freeholders of the county "qualified to serve as jurors ... as [the clerk of the court] shall deem most indifferent between the parties, and best qualified to try such cause". 4 *Del.Laws* Ch. 120, Sec. 1, passed January 30, 1810; *Delaware Code of 1829*, Ch. 7, Sec. 1. The qualification for special jurors, which was enacted in 1852 and was reenacted successively until repealed in 1987, was: "indifferent and judicious citizens of the county, qualified to serve as jurors". *Revised Code of Delaware*, 1852, Ch. 109, Sec. 16, Par. 2384; 10 *DelC.* § 4541 (1974).

The significance of this review is that juror qualifications have long been treated as matters within legislative control and not being constitutionally fixed.

### E.

The system whereby the Court would authorize a special jury and define the qualifications of the special jurors has always been dependent upon the needs of the case and resting in the discretionary judgment of the presiding judge. I do not find that it was viewed as an inalienable right inherent in the right to jury trial. In essence, it involves merely the qualifications of the jurors for a case. It has been demonstrated above that juror qualifications over the years have been considered to be subject to legislative change, and, hence, are not constitutionally bound. In fact, the Supreme Court in *Haas*, 450 A.2d at 1183–4, noted the absence of criteria for the selection of special jurors, but noted that such criteria must insure "a cross section of the population suitable in character and intelligence for that civil duty" (*quoting Brown v. Allen*, 344 U.S. 443, 474, 73 S.Ct. 397, 416, 97 L.Ed. 469 (1953)), but not systematically excluding persons on account of race, color, religion, sex, national origin or economic status. *Haas, citing Thiel v. Southern Pacific Company*, 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181 (1946).

The Supreme Court in *Nance* went even further, stating:

In our opinion, there is no valid excuse for taking from the ordinary jury panel the trial of non-complex tort actions. *Nance,* 161 A.2d at 801. The clear inference from this language is that the availability of special jury may be controlled by legislative action and is not required by the constitution.

Generally a legislature may define and regulate the qualifications of jurors without violating a constitutional provision guaranteeing jury trial. 50 *C.J.S.* Juries § 124 at 844-6 (1983); 47 *Am.Jur.2d* Jury § 96 at 707 (1969); *State v. Mercier,* 98 Vt. 368, 127 A. 715 (1925). *Commonwealth v. Maxwell,* 271 Pa. 378, 114 A. 825 (1921) involved the constitutional challenge of a statutory change of juror qualifications to permit all qualified electors to serve. (In 1852, Delaware made a similar change. *Revised Code of Delaware,* 1852, Ch. 109, Sec. 16, Par. 2384).

*Maxwell* is of particular significance because the historic background of Pennsylvania and Delaware coincide, and the Pennsylvania constitutional provision assuring jury trial is the same as the corresponding Delaware provision, except the Pennsylvania provision has an additional clause which reads: "and the right thereof remain inviolate". After reviewing the historical development of the trial by jury provision, the Court in *Maxwell* held that qualification of jurors was not within the purview of the constitutional provision and the legislature had power to define and modify juror qualifications. *Maxwell* cites cases from other jurisdictions which have reached a similar result.

■ I do not find that a litigant has a constitutional right to require the Court to designate the qualifications of the jurors who will decide a particular case.

#### F.

The constitutional mandate of trial by jury has generally been construed to embody concepts of trial before fair and impartial jurors. *Tate v. Giunta,* Mo.Supr., 413 S.W.2d 200, 203 (1967); *Moore v. Middlewest Freightways,* Mo.Supr., 266 S.W.2d 578, 586 (1954). Some jurisdictions have

held that it involves a trial of issues of fact, summoning individuals living within the jurisdictional limits of the court, only impaneled under the direction of a competent court, and sworn to render an impartial verdict according to the law and the evidence. *See, Capital Traction Co. v. Hof,* 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873 (1899); *Dagnello v. Long Island Ry. Co.,* 289 F.2d 797, 805 (2d.Cir.1961); *Howard v. Louisiana & A. Ry. Co.,* 49 F.2d 571, 573 (5th Cir.1931); *Pierre v. Eastern Air Lines,* 152 F.Supp. 486, 488 (D.N.J.1957); *State v. Wilson,* 48 N.H. 398 (1896). Others have held that it includes the requirement for twelve jurors. *See, Capital Traction Co.,* 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873; *People v. Schoos,* 399 Ill. 527, 78 N.E.2d 245, 250 (1948); *People v. Mitchell,* 266 N.Y. 15, 193 N.E. 445, 446 (1934); *State v. James,* 96 N.J.L. 132, 114 A. 553, 555 (1921); *Maxwell,* 114 A. 825; *State v. Gerry,* 68 N.H. 495, 38 A. 272, 274 (1896); *People v. Dutcher,* 83 N.Y. 240, 242 (1880); *Work v. State,* 2 Ohio St. 296, 298 (1853); and 50 *C.J.S.,* Juries § 123 at 840 (1983).

With respect to the number of jurors required to satisfy the "trial by jury" requirement under the Sixth and Fourteenth Amendments to the United States Constitution, the United States Supreme Court has held that a jury of six members does not violate that requirement. *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). The Supreme Court went further in *Colgrove v. Battin,* 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973) and held that the phrase "in suits at common law ... the right of trial by jury shall be preserved" did not equate to the common historic characteristics of the jury and did not engrave the exact procedural incidents or details of jury trial, and, therefore, did not make the number twelve a substantive requirement of the right to jury trial.

■ Unanimity is not a federal due process requirement where agreement of a lesser number of jurors is permitted under state law. *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

The trend in applying constitutional provisions guaranteeing jury trial has been to permit legislative flexibility in regulating the methods to be followed in jury trials as long as principles of fairness and impartiality are preserved. The arguments made by defendants are counter to that trend.

### G.

In summary, defendants have cited no case which has held that a constitutional provision guaranteeing jury trial mandates perpetuating the special jury system and the Court has found none. The providing of challenges and regulation of juror qualifications has been exercised by the legislative or judicial branches without constitutional constraint. Therefore, I find no constitutional infirmity in 10 *Del.C.* § 4506 (1987) which repeals the previous mandate for obtaining special jury on request and substitutes judicial discretion to order or deny a special jury.