GEORGIA POYNTER, Widow of Carl Poynter, deceased, *vs.* JOHN G. TOWNSEND, JR., and JULIAN E. TOWNSEND, trading as J. G. TOWNSEND, Jr., & SON.

(*February* 28, 1924.)

RICE and RODNEY, J. J., sitting.

*James H. Hughes* for plaintiff.
*Daniel J. Layton* for defendants.

Superior Court for Kent County, February Term, 1924. No. 49, February Term, 1923.

RICE, J., charged the jury in part as follows:

In the present case, the deceased was a guest or passenger in the automobile owned and operated by Case, and it has been held in this state that when the person injured or killed is merely a passenger in a vehicle and has no control over the operator, the negligence of the operator, if any, cannot be imputed to the passenger so as to defeat the latter's right of recovery against a third person for injuries resulting from the concurrent negligence of such operator and third person. In such case, however, the passenger is required to exercise due care and caution as well as the

driver, but he is not held to the care that is required of the operator. The passenger has the right to rely, to a great extent, on the prudence, care, and skillfulness of the operator. This is necessarily so, and the reason is obvious. The passenger is not the owner, and ordinarily is not responsible for its operator. But a passenger is not absolved from all care in every case. Whether he exercised the care required of a passenger depends on the facts of the particular case, and, particularly, his position in the automobile, his opportunity of seeing the impending accident, and the obviousness of the danger. If the passenger sees the danger in time to avoid the accident, it is his duty to warn the operator. Or, if the passenger is in such position in the car that he must have seen the danger if he had used his sense of sight, as an ordinarily prudent passenger in such position would have done, and the accident happens because of the passenger's failure to see and warn the operator of the danger he must have seen, he would be guilty of contributory negligence. But we instruct you that a passenger is not required to do anything more than an ordinarily prudent person in a similar position and relation, who is not the operator, would have done in a like situation.

NOTE.—The principle involved in this case has frequently arisen in the reported cases of this state (*Farley v. W. & N. C. E. R. Co.*, 3 *Penn.* 581, 52 *A.* 543; *Evans, etc., v. Wilmington City R. Co.*, 7 *Penn.* 458, 80 *A.* 634; *Campbell v. Walker*, 2 *Boyce* 41, 78 *A.* 601; and *Igle v. People's R. Co.*, 5 *Boyce* 376, 93 *A.* 666,) where the rights of a minor child were involved, but as the charge here is more specific with respect to what will constitute contributory negligence on the part of a gratuitous passenger, the case is deemed of sufficient importance to be reported.