Anna V. BIB, Plaintiff Below, Appellant,

v.

Domenick MERLONGHI, Defendant Below, Appellee.

Supreme Court of Delaware.

March 26, 1969.

6.  10 Del.C. 8106A.

Oliver V. Suddard and John E. Babiarz, Jr., Wilmington, for plaintiff below, appellant.

F. Alton Tybout of Tybout & Redfearn, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sittting.

CAREY, Justice.

The plaintiff below appellant, Anna V. Bib, was a passenger in an automobile driven by one Edward J. Barrett which was involved in a collision with a car driven by defendant below appellee, Domenick Merlonghi. The appellant suffered personal injuries in the collision. She brought an action against the appellee, who raised, inter alia, the defenses of contributory negligence and assumption of risk. The jury returned a verdict in favor of the defendant. This Court has not been provided with a transcript of the testimony; the only information we have concerning the collision is that gleaned from the pleadings and the charge of the Court below. We know that the accident took place about three o'clock in the morning in Wilmington, and that Barrett had been consuming alcoholic beverage prior thereto. The appellant relies entirely upon certain alleged errors in the charge given to the jury concerning assumption of risk and contributory negligence. She contends (1) the defense of assumption of risk is not available to a driver other than the person she was riding with; (2) the Court erred in charging that she assumed the risk if she knew, or should have known, that Barrett's ability to drive was seriously impaired; (3) the Court erred in permitting the jury to find contributory negligence on her part in failing to see and warn Barrett of the approaching danger.

Because of the lack of a transcript, we will assume the existence of facts sufficient to justify the jury's verdict based upon the charge as given, and will limit our discussion to the legal points raised. Drug, Inc. v. Hunt, 5 W.W.Harr. 339, 168 A. 87. It is possible that the jury found that Merlonghi was not guilty of negligence proximately causing the collision. If that was in fact the finding, no reason has been suggested for reversal.

I.

With respect to the assumption-of-risk defense, we will assume that the evidence justified the jury in finding these facts: appellee was guilty of negligence which was a proximate cause of the impact; Barrett had consumed alcoholic beverage to the extent that his ability to drive was impaired; appellant knew of such impair-

ment, or at least knew the extent of his drinking and should have realized the impairment; despite such knowledge, she voluntarily elected to ride with him; there was no compelling reason for her to do so; his condition was responsible for some act of negligence which was one of the proximate causes of the collision. The trial Judge did not mention to the jury the assumed fact that there was no compelling reason for her to ride with Barrett; we accordingly assume that no issue was presented on that point. In effect, he told the jury that a finding in appellee's favor on the other points required a verdict for the defendant on the assumption-of-risk theory.[1]

■ This doctrine (assumption of risk) was not here presented in what many writers call its primary sense, which refers to those cases where the plaintiff expressly relieves the defendant from all legal duty. See Prosser on Torts (3d Ed.) 450, etc.; 2 Harper and James on Torts, Ch. XXI. Here it is used in its secondary sense, i. e., a deliberate and unreasonable choice to encounter a risk created by another's breach of duty. In the latter situation, the defense frequently raises the same considerations which are applicable to contributory negligence. We think it makes little difference in the present case whether the defense is called assumption of risk or contributory negligence or given no title at all; this is one of those cases where the two theories overlap. See Prosser on Torts 451. The important question, in our view, is whether the Court properly told the jury what find-

ings would justify or require a verdict for defendant. Had the Judge used exactly the same language, but called it contributory negligence, we do not see how appellant could properly criticize it. The authorities are practically uniform in holding that a passenger may not recover from either the host or some third person in the situation we have assumed. 5 Blashfield Automobile Law and Practice (3d Ed.), § 215.31, and the many cases cited therein. The defense does not turn on notions of privity, nor is it restricted to suits against the host. Davis v. Brooks Transportation Co., D.C., 186 F.Supp. 366; Packard v. Quesnel, 112 Vt. 175, 22 A.2d 164. While it may have been clearer, and perhaps theoretically more logical,[2] to describe the defense by the term "contributory negligence," failure to do so is not reversible error.

■ Secondly, appellant contends that actual knowledge of the risk—the extent of the driver's impairment—was necessary to justify a finding that she assumed it; and that the charge contained error in that it referred to what the plaintiff should have known about Barrett's condition. The basic question is whether or not the passenger, in deciding to ride with the driver, did something which a reasonably prudent person would not do. Reasonableness depends on what a person knows or ought to know.[3] Such is the rule with respect to contributory negligence, even if actual knowledge or appreciation be a requirement of assumption of risk. As we have said, the charge correctly summarized the findings

---

1. The Court's language was this:
   "The defendant says that Mrs. Bib assumed the risk of an accident in undertaking to ride in a car with Mr. Barrett at a time when she knew or should have known that Barrett's ability to drive was or might have been impaired. If after carefully and conscientiously considering the evidence in this case you find that Mrs. Bib voluntarily entered the car with Mr. Barrett when she knew or should have known that his ability to drive was impaired, and that a collision and resulting injury such as occurred in this case were reasonably foreseeable, and if you further find that Mr. Barrett's ability to drive was impaired and was a proximate cause of the accident then Mrs. Bib had assumed the risk of such an accident and injury, and your verdict should be for the defendant."

2. Cf. Meistrich v. Casino Arena Attractions, Inc., 31 N.J. 44, 155 A.2d 90, 82 A.L.R.2d 1208.

3. Most Courts apply this standard, regardless of which name is used to describe the defense. Cf. 5 Blashfield (3rd Ed.) Ch. 215.

that would justify a verdict for defendant; we will not reverse simply because an incorrect title may have been used.

## II.

In considering appellant's final argument, we will assume that the evidence justified the jury in finding these additional facts: in the circumstances existing, a reasonably prudent guest would have maintained a lookout to some extent, and would have seen the approaching danger and warned the driver of it; that appellant failed to keep such a lookout or to warn the driver; and that her failure in that regard was a contributing cause of her injuries. Appellant does not contend that a charge of contributory negligence was unjustified; her contention is that the charge placed too heavy a burden upon her in that the Court allegedly led the jury to believe that a passenger must constantly maintain a lookout.

■ The extent of a passenger's duty in seeking to avoid injury to himself depends upon the existing conditions. He is required to do what a reasonably prudent man would do in the same circumstances. Of course, if the guest becomes aware of a hazard and observes that the driver is unaware of it, the guest is bound to warn the driver. Ambrose v. Cyphers, 29 N.J. 138, 148 A.2d 465. On most occasions, the guest is not required to keep any lookout and would not be negligent if he goes to sleep; at other times, a very considerable degree of vigilance may be required of him. Certainly, into this latter category would fall the situation where the guest knows, or ought to know, that the driver's ability is impaired by the consumption of liquor. In some instances, depending upon the degree of the driver's impairment, the guest might be obliged to maintain a constant lookout, or even to ask the driver to stop and allow him to get out of the car.

■ It may be possible that the extent of the driver's impairment was so great in this instance that a reasonably prudent person would have maintained a constant lookout. We do not agree, however, that the charge goes as far as appellant suggests. It was obviously taken from that given in Poynter v. Townsend, 3 W.W.Harr. 51, 130 A. 678. When read as a whole, it states the law substantially correctly.

Appellant relies particularly upon one sentence which reads as follows:

"Or, if the passenger is in such position in the car that [she] must have seen the danger if [she] had used [her] sense of sight, *as an ordinarily prudent passenger in such position would have done*, and the accident happens because of the passenger's failure to see and warn the operator of the danger [she] must have seen, [she] would be guilty of contributory negligence." (Emphasis added)

The emphasized language is interpreted by appellant as a ruling by the Court that an ordinarily prudent passenger ought to have maintained a constant lookout—a matter which appellant contends should be left to the jury. This interpretation ignores the sentences which preceded and followed the quoted language. Read as a whole, the charge shows that the word "as" in the emphasized portion was used as a synonym of the term "to the extent that". We find no merit in this argument.

Although it is adequate for purposes of the present case, for the benefit of the Court below we express our belief that the time has come to modernize and refine the *Poynter* language. We think the applicable standards of care and the elements to be considered by the jury in judging a given passenger's conduct can be more clearly explained to the jury; moreover, we think it would be preferable to use greater particularity according to the needs of each individual case.

The judgment below will be affirmed.