**Jeffrey R. FELL, Plaintiff,**

v.

**Mark N. ZIMATH and Maryland Casualty Company, Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted: Sept. 17, 1989.
Decided: Oct. 17, 1989.

Arthur Inden, and Bruce L. Silverstein of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

John C. Phillips, Jr. of Phillips & Snyder, P.A., Wilmington, for defendants.

TAYLOR, Judge.

Plaintiff sues for injuries resulting from a collision involving the motor vehicle in which he was riding which was driven by defendant Mark N. Zimath [Zimath]. Plaintiff alleges that Zimath was under the influence of alcohol at the time of the accident.

Defendant Maryland Casualty Company [Maryland] has asserted the defense of assumption of risk. Plaintiff has moved to strike that defense. Plaintiff's ground for the motion is that the defense of assumption of risk is incompatible with the doctrine of comparative negligence which was enacted as (10 *Del.C.* § 8132)[1] and which is applicable to this case. Plaintiff points out that the Delaware Supreme Court in *Bib v. Merlonghi,* Del.Supr., 252 A.2d 548 (1969), recognized that when a defense is asserted that the passenger was voluntarily riding with a driver who was under the influence of alcohol, the theory of assumption of risk and that of contributory negligence overlap. Based on that premise, plaintiff asserts that assumption of risk should be considered subsumed in contributory negligence and should not bar recovery but should be a comparative factor in determining whether and to what extent plaintiff is entitled to recover.

Section 8132 states:

In all actions brought to recover damages for negligence which results in death or injury to person or property, the fact that the plaintiff may have been contributorily negligent shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater that the negligence of all defendants against whom recovery is sought, but any damages awarded shall be diminished in proportion to the amount of negligence attributable to the plaintiff.

Modern tort law recognizes that assumption of risk may fall into different categories with different consequences. One category is referred to as express or primary assumption of risk, which involves

express consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone.... The result is that the defendant is relieved of legal duty to the plaintiff; and being

1. This statute became effective July 17, 1984.

under no legal duty, he cannot be charged with negligence.

*Prosser and Keeton on Torts* § 68 at 481 (5th ed. 1984).

A separate category of assumption of risk, which carries different consequences referred to as secondary assumption of risk, is where

> the plaintiff's conduct in encountering a known risk may in itself be unreasonable, because the danger is out of proportion to the advantage which he is seeking to obtain—as where, with other transportation available, he elects to ride with a drunken automobile driver, or dashes into a burning building to save his hat. In cases such as these, his conduct is a form of contributory negligence, in which the negligence consists in making the wrong choice and voluntarily encountering a known unreasonable risk.

*Ibid.*

The Delaware Supreme Court in *Bib v. Merlonghi, supra,* applied the considerations discussed by Professor Prosser and found that a passenger riding with a drunken motor vehicle driver is within the latter category discussed by Professor Prosser. Accordingly, it found that the passenger's conduct should be tested according to the standards applicable to contributory negligence. This Court in *Frelick v. Homeopathic Hosp. Ass'n of Delaware,* Del.Super., 150 A.2d 17, 19 (1959) recognized the lack of distinction between contributory negligence and assumption of risk which was not express assumption.

The fact situation presented here closely parallels *Bib.* It does not appear that plaintiff in any way participated in the manner in which the driver was driving at the time of the accident or urged or induced the driver in a particular manner which led to the accident. In *Federal Kemper Insurance v. Green,* Del.Super., C.A. Nos. 80C–FE–131 and 81C–FE–10, Taylor, J. (April 14, 1983), this Court in applying assumption of risk differentiated between a passenger who had instigated or encouraged a drag race that resulted in an accident with mere riding as a passenger in a car driven by a driver who was under the influence of alcohol in applying *Bib.*

The interrelationship of contributory negligence and assumption of risk has been given special consideration in states which have adopted comparative negligence. Some jurisdictions have taken the position that, in the context of comparative negligence, assumption of risk (without differentiating the categories) is to be equated to contributory negligence. *See generally* Annotation, *Effect of Adoption of Comparative Negligence Rules on Assumption of Risk,* 16 A.L.R.4th 700 § 4 (1982). Other jurisdictions have distinguished between primary and secondary assumption of risk and have held that secondary assumption of risk is to be treated as contributory negligence, but primary assumption of risk would bar recovery. *Ibid; Keegan v. Anchor Inns, Inc.,* 3d Cir., 606 F.2d 35 (1979); *Vargus v. Pitman Mfg. Co.,* E.D.Pa., 510 F.Supp. 116 (1981), *aff'd without opinion,* 3d Cir., 673 F.2d 1304 (1981); *Sunday v. Stratton Corp.,* 136 Vt. 293, 390 A.2d 398 (1978). Georgia and Arkansas have held that the legislative history of the comparative negligence statutes in those states requires that an assumption of risk defense not be treated as contributory negligence. *Otto v. Hendry,* 132 Ga.App. 598, 208 S.E.2d 611 (1974); *Harris v. Hercules,* E.D. Ark., 328 F.Supp. 360 (1971), *aff'd,* 8th Cir., 455 F.2d 267 (1972).

I find nothing in the legislative history of 10 *Del.C.* § 8132 which would require that secondary assumption of risk be treated differently from contributory negligence. *Bib v. Merlonghi, supra,* which equated those two defenses, had been a part of Delaware law for fifteen years before enactment of the Delaware comparative negligence statute. Hence, the Court concludes that the term "contributory negligence" as used in the statute embodied the breadth which *Bib* attributed to that term.

Based on the foregoing considerations, I conclude that secondary assumption of risk under the facts which have been presented in this case is not a bar to possible recovery by plaintiff but that, if the facts are favor-

able to defendants that defense is to be treated as contributory negligence and weighed against the negligence of defendant. In order to avoid confusion during the trial, the Court strikes the separate defense of assumption of risk and directs that the defendants be permitted to present that evidence in support of the defense of contributory negligence.