# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DOUGLAS A. SANDERS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　C.A. No. N15C-03-076 JRJ
　　　　　　　　　　　　　　　　　　)
ODILIA'S EXPRESS, INC. and　　　　　)
ADOLFO GUERRA ARRIBAS a/k/a　　)
ADOLFO GUERRA, STEVE EISELE,　)
EISELE'S POLLINATION SERVICE,　)
EISELE POLLINATION AND　　　　　)
HONEY, and POLLINATION US, INC.,)
　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　)

## ORDER

**WHEREFORE**, on this 25th day of May, 2016, upon consideration of Defendants Odilia's Express, Inc. and Adolfo Guerra's Motion to Dismiss;[1] Defendants Steve Eisele and Pollination US, Inc.'s Motion to Dismiss;[2] Defendants Eisele's Pollination Service and Eisele Pollination and Honey's letter, joining co-Defendants' Motions to Dismiss;[3] and Plaintiff's Responses to the Motions to Dismiss,[4] **IT APPEARS THAT:**

---

[1] Defendants Odilia's Express, Inc. and Adolfo Guerra, the sole defendants in the original Complaint, moved to dismiss on July 15, 2015. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Mot. Dismiss") (Trans. ID. 57557805). Subsequent to that filing, Plaintiff was granted leave to amend the Complaint, and Plaintiff added Defendants Steve Eisele, Eisele's Pollination Service, Pollination US, Inc. and Eisele Pollination and Honey. Amended Complaint (Trans. ID. 58329824).
[2] Steve Eisele's and Pollination US, Inc.'s Motion to Dismiss ("Eisele Mot. Dismiss") (Trans. ID. 58701328).
[3] March 28, 2016 Letter (Trans. ID. 58778816).
[4] Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Trans. ID.

1. Plaintiff Douglas Sanders alleges that on May 20, 2014, Defendants Steve Eisele, Eisele's Pollination Service, Eisele Pollination and Honey, and Pollinations US, Inc. (collectively "Eisele Defendents") hired a tractor-trailer owned by Defendant Odilia's Express, Inc. and operated by Defendant Adolfo Guerra to transport millions of honeybees through Delaware.[5] As the tractor-trailer exited State Route 896 onto Interstate 95, it overturned, and the honeybees escaped.[6] Harvey's Honey, Plaintiff's employer, was contracted to assist in salvaging the bees.[7] Plaintiff, a professional beekeeper, was stung hundreds of times during the operation.[8] The bee stings caused Plaintiff immediate injury, and, as a result of the stings, Plaintiff developed a venom allergy, forcing Plaintiff to abandon his employment as a beekeeper.[9]

2. Plaintiff alleges that Defendants were negligent in the loading and transportation of the bees and that Defendants were engaged in a "ultra-hazardous" activity such that Defendants are strictly liable for Plaintiffs injuries.

3. On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations must be accepted as true and all reasonable inferences must be drawn in the non-

57623090); Plaintiff's Response in Opposition to Defendants' Steve Eisele and Pollination US, Inc. Motion to Dismiss (Trans. ID. 58845001).
[5] Am. Compl. ¶¶ 9–10.
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 13.
[9] *Id.* ¶¶ 14–19.

movant's favor.[10] The motion to dismiss will be denied if the plaintiff can recover "under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[11]

**Primary Assumption of Risk**

4. Defendants allege Plaintiff voluntarily assumed the risks associated with the bee salvage operation, and therefore, primary assumption of risk bars any potential recovery.

5. Primary assumption of risk "involves the express consent to relieve the defendant of any obligation of care"[12] and completely bars recovery, as a matter of law.[13] The allegations in the Complaint do not establish that Plaintiff expressly consented to relieve the Defendants of any obligation of care. Therefore, accepting

---

[10] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[11] *Id.*

[12] *Koutoufaris v. Dick*, 604 A.2d 390, 397 (Del. 1992) (affirming that *Fell v. Zimath*, 575 A.2d 267 (Del. Super. 1989) correctly states Delaware law).

[13] *Helm v. 206 Massachusetts Ave., LLC*, 107 A.3d 1074, 1080 (Del. 2014) (citing *Koutoufaris*, 604 A.2d at 398); *Fell*, 575 A.2d at 267–68 ("[P]rimary assumption of risk, [] involves 'express consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone . . . . The result is that the defendant is relieved of legal duty to the plaintiff; and being under no legal duty, he cannot be charged with negligence.'" (quoting *Prosser and Keeton on Torts* § 68 at 481 (5th ed. 1984)). Secondary assumption of risk, which has been subsumed into comparative negligence, involves "voluntarily encountering a known unreasonable risk." *Koutoufaris*, 604 A.2d at 397; *McCormick v. Hoddinott*, 865 A.2d 523, 529 (Del. Super. 2004) ("'The weight of authority is in agreement' that voluntarily accepting an unreasonable risk, or failing to exercise reasonable care to protect oneself after accepting an unreasonable risk, 'though labeled assumption of risk, is mere contributory negligence.'" (quoting Publisher's Editorial Staff: Thomson West, Comparative Negligence Manual 3d § 1:21 (2004)).

3

all well-pleaded allegations as true, there is a reasonably conceivable set of circumstances susceptible of proof under the Complaint that Plaintiff's claims are not barred by primary assumption of risk.

**Professional Rescuer**

6. Defendants argue that Plaintiff cannot recover for Defendants' alleged negligence because Delaware public policy bars "professional rescuers" from recovery "for another's negligence where the negligence required the rescuer's presence at the scene."[14] In support of this assertion, Defendants rely on *Carpenter v. O'Day.*[15] In *Carpenter*, this Court found "as a matter of public policy, firemen generally cannot recover for injuries attributable to negligence that requires their assistance."[16]

7. Plaintiff is a bee keeper, not a firefighter. *Carpenter* is inapplicable.

**Duty of Care**

8. The Eisele Defendants argue that dismissal of the negligence claims against them is warranted because Plaintiff has failed to plead that the Eisele Defendants owed Plaintiff a duty of care. Defendants cite the Restatement (Second) of Torts § 409 in support of the proposition that the employer of an

---

[14] Mot. Dismiss ¶ 12.
[15] 562 A.2d 595 (Del. Super. 1988), *aff'd*, 553 A.2d 638 (Del. 1988).
[16] *Id.* at 601.

4

independent contractor does not have a duty to protect the employees of an independent contractor from the hazards associated with the independent contractor's work.

9. The Restatement (Second) of Torts § 409 states, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants."[17] Comment b to § 409 explains:

> The general rule stated in this Section, as to the non-liability of an employer for physical harm caused to another by the act or omission of an independent contractor, was the original common law rule. The explanation for it most commonly given is that, since the employer has no power of control over the manner in which the work is to be done by the contractor, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility of preventing the risk, and bearing and distributing it.

However, Comment b also notes that the general rule is subject to a number of exceptions.

10. Plaintiff argues that dismissal is not warranted because it is not clear whether an exception to the general rule applies. Specifically, Plaintiff notes that it is unknown who contracted with Plaintiff's employer, Harvey's Honey, to respond to the scene of the accident. It is also unknown whether the course of conduct

---

[17] *Riedel v. ICI Americas Inc.*, 968 A.2d 17, 20 (Del. 2009) ("Generally, to determine whether one party owed another a duty of care, we follow the guidance of the Restatement (Second) of Torts.").

5

between the parties could form the factual basis for an exception to the general rule.

11. The Eisele Defendants have not met their burden as the moving party on a motion to dismiss to show that there are no set of circumstances under which Plaintiff would be entitled to relief. In particular, the Complaint does not allege, as the Eisele Defendants state, that it was Pollination US, Inc. that contracted with Plaintiff's employer.

**Proximate Cause**

12. The Eisele Defendants argue that Plaintiff fails to state a claim of negligence against them because the Eisele Defendants' alleged negligence—the improper loading of the tractor-trailer—is too remote to constitute the proximate cause of Plaintiff's injuries.

13. "[T]he issue of proximate cause is ordinarily a question of fact to be determined by the trier of fact."[18] It is premature, at this stage, to conclude that the allegedly improper loading of the tractor-trailer is too remote to constitute proximate cause.

---

[18] *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821, 830 (Del. 1995) (citations omitted).

**Strict Liability**

14. Finally, the Eisele Defendants argue that Plaintiff fails to state a claim for strict liability because "there are no facts pleaded in the complaint that any risk associated with bees could not be eliminated with the exercise of reasonable care," and therefore, a cause of action for strict liability cannot be maintained.[19]

15. Delaware recognizes strict liability for damage to another when the defendant undertakes an abnormally dangerous activity.[20] The Restatement (Second) of Torts § 520 lists the "inability to eliminate the risk by the exercise of reasonable care" as one of the factors to be considered in determining whether an activity is abnormally dangerous.[21] However, the comments to § 520 state that "it is not necessary that each of [the enumerated factors] be present, especially if the others weigh heavily."[22] Therefore, the fact that the Complaint does not specifically allege that the risks of transporting bees could not be eliminated

---

[19] Eisele Mot. Dismiss ¶ 9.

[20] *Gordon v. Nat'l R.R. Passenger Corp.*, 2002 WL 550472, at *17 (Del. Ch. Apr. 5, 2002) ("In order to determine whether an activity is one which is so inherently dangerous that strict liability will result, the courts of this jurisdiction have adopted §§ 519 and 520 of the Restatement (Second) of Torts." (citing *Catholic Welfare Guild, Inc. v. Brodney*, 208 A.2d 301 (Del. Super. 1964)).

[21] *Id.* at *18 ("Among the elements of common law strict liability for abnormally dangerous activity, as set out in the Restatement, is that the risk inherent in the activity cannot be eliminated by reasonable care.").

[22] Restatement (Second) of Torts § 520 cmt. f.

7

through the exercise of reasonable care does establish that Plaintiff cannot recover under any reasonably conceivable set of circumstances.

16. For the foregoing reasons, Defendants Odilia's Express, Inc. and Adolfo Guerra's Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED**, and Steve Eisele's and Pollination US, Inc.'s Motion to Dismiss is **DENIED**.[23]

**IT IS SO ORDERED**

Jan. R. Jurden, President Judge

---

[23] If primary assumption of risk applies to Plaintiff's claims, it will bar recovery and render moot any inquiry into the loading and transportation of the bees. Therefore, consistent with the request made by Defendants Odilia's Express, Inc. and Adolfo Guerra at the October 12, 2015 oral argument, initial discovery will be limited to the issue of primary assumption of risk.